

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

NMA:DAL:sw
F.#2012R01002
Disc. 1

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 31, 2012

**By ECF**

All Defense Counsel

      Re:  United States v. Luigi Grasso, et al.
           Criminal Docket No. 12-447 (SJ)

Dear Counsel:

      Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the government hereby furnishes the following discovery with respect to the above-captioned case.

      These materials are available at DupeCoop and you may obtain copies by contacting John Palermo at (973) 895-1359.

**A.   STATEMENTS OF THE DEFENDANTS**

      Post arrest statements, to the extent any exist, and related materials will be forwarded under separate cover.

      Bates number 1 is a CD containing prison calls made by defendant Grasso dated 11/6/11 through 2/9/12.

**B.   DEFENDANTS' PRIOR RECORD AND ARREST DOCUMENTS**

      Copies of the defendants' criminal history report and arrest documents will also be filed under separate cover.

**C.   DOCUMENTS AND OTHER TANGIBLE EVIDENCE**

      The government is in possession of the following documents and tangible items that it may seek to introduce at trial.

      **1.   Items Seized Pursuant to Search Warrants**

      Prior to the defendants' arrest, law enforcement conducted court-authorized searches of various locations and items relevant to the investigation. The items recovered are set forth in the inventory and voucher forms included herein. You may call to arrange a mutually convenient time to inspect any

materials seized during the execution of these searches.

| Description | Bates Range |
|---|---|
| Documents related to the search of three cellular telephones and three SIM cards seized from Vincent Baker at the time of his arrest, on or about October 5, 2010 | 2-13 |
| Documents related to the search 3325 Neptune Avenue, Apartment 507, Brooklyn, New York, on or about November 23, 2010 | 14-50 |
| Documents related to the search of (1) three cellular telephones seized from Richard Riccardi; and (2) a black Mercedes Benz, model ML 350, NYS License Plate ETT-7063, on or about April 7, 2011 | 51-112 |
| Documents related to the search of (1) 120 Jackson Avenue, Staten Island, New York, 10305; (2) 130 Sunset Avenue, Island Park, New York, 11558; (3) 155 Amity Street, Apartment 6, Second Floor, Brooklyn, New York; (4) a gray 2008 Land Rover Range Rover SUV, NYS License Plate EVR-6939, on or about November 3, 2011 | 113-568 |
| Documents related to the search of (1) 47 Longstreet Road (including the garage and shed), Manalapan, New Jersey, 07726; and (2) a black 2009 Mercedes Benz, ML 350 SUV, NYS License Plate ETT-7063, on or about November 3, 2011 (inventory enclosed in D6) | 569-585 |
| Documents related to the search of (1) twenty-two cellular telephones and five SIM cards seized from Ronnie Petrino; (2) eight cellular telephones seized from George Dedopolous; and (3) fourteen cellular telephones seized from Richard Riccardi, on or about November 15, 2010 | 586-628 |
| Documents related to the search of the garage bay on the extreme left of a three car garage located at 93 Robin Road, Staten Island, New York, on or about December 14, 2011 | 629-682 |

| Description | Bates Range |
|---|---|
| Photographs of items and documents seized during the execution of a search of (1) 120 Jackson Avenue, Staten Island, New York, 10305; and (2) a gray 2008 Land Rover Range Rover SUV, NYS License Plate EVR-6939, on or about November 3, 2011 | 683-837 |
| Three compact discs containing contents of cellular telephones seized from Richard Riccardi on or about April 7, 2011 | 838-840 |
| One compact disc containing photographs of a search conducted on a black Mercedes Benz, model ML 350, NYS License Plate ETT-7063, on or about April 7, 2011 | 841 |
| One compact disc containing contents of three cellular telephones seized from Vincent Baker, on or about October 5, 2010 | 842 |
| One compact disc containing contents of (1) fourteen cellular telephones seized from Ronnie Petrino on or about November 3, 2011; (2) seven cellular telephones seized from George Dedopolous on or about November 3, 2011; and (3) fourteen cellular telephones seized from Richard Riccardi on on or about November 3, 2011 | 843 |

2. **Surveillance**

| Description | Bates Range |
|---|---|
| One compact disc containing surveillance videos and video stills from Bank Of America ATM cameras in Brighton Beach and Staten Island, New York, dated 7/16-17/10 | 844 |
| One compact disc containing surveillance photographs taken on 9/3/10 | 845 |
| One compact disc containing surveillance photographs taken on 1/3/11 | 846 |
| One compact disc containing surveillance photographs taken on 8/16/11 | 847 |

| Description | Bates Range |
|---|---|
| One compact disc containing surveillance of parking lot of Key Food Supermarket taken on 7/2/10 | 848 |

### 3.    Miscellaneous Documents

| Description | Bates Range |
|---|---|
| Documents recovered from Grasso upon his arrest and transfer from state custody | 849-873 |

**D.    REPORTS OF EXAMINATIONS AND TESTS**

The government will make available copies of reports of any examinations and tests conducted with respect to this case if and when they are generated.

**E.    EXPERT TESTIMONY**

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) by notifying you in a timely fashion of any expert the government intends to call at trial and by providing you with the expert's credentials and a summary of the expert's opinion.

**F.    OTHER MATERIALS**

The government is aware of and will comply with its obligation to produce exculpatory information or material within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

The government will furnish before trial any information or material regarding payments, promises or immunity, leniency, or preferential treatment, if any, made to prospective witnesses within the scope of Giglio v. United States, 405 U.S. 150 (1972), and Napue v. Illinois, 360 U.S. 264 (1959).

The government will also furnish before trial materials discoverable pursuant to Title 18, United States Code, Section 3500.

**G.    OTHER CRIMES, WRONGS, OR ACTS**

The government will provide the defendants with

-4-

reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

## H. RECIPROCAL DISCOVERY

### The Defendants' Required Disclosures

The government hereby asserts its right to reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendants allow inspection and copying of (1) any books, papers, documents, photographs, tapes, tangible objects, or copies or portions thereof, which are in any defendant's possession, custody, or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in any defendant's possession, custody, or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendants disclose at least forty-eight hours prior to the testimony, prior statements of witnesses who will be called by the defendants to testify, pursuant to Fed. R. Crim. P. 26.2.

The government also requests that the defendants disclose a written summary of testimony the defendants intend to use as evidence at trial under Rules 702, 703 and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for those opinions, and the witnesses' qualifications.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of any defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

Pursuant to Fed. R. Crim. P. 12.1(a), the government hereby demands written notice, to be served within fourteen days of this demand, if any defendant intends to offer a defense of alibi. The written notice shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense, and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi.

The offense took place at the location, date, and time specified in the Indictment.

        Please contact us if you have any questions or additional requests.

        Very truly yours,

        LORETTA E. LYNCH
        United States Attorney

    By:   /s/
        Nicole M. Argentieri
        Darren A. LaVerne
        Assistant U.S. Attorneys
        (718) 254-6232/6783